IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LIFE TECHNOLOGIES, CORP., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TERESA STANEK REA, Acting Under )<br>Secretary Of Commerce for Intellectual Property )<br>and Acting Director of the United States Patent )<br>and Trademark Office, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:13-cv-01046<br>(LMB/TCB) |

**JOINT MOTION TO STAY PROCEEDINGS**
**PENDING DECISION OF THE COURT OF APPEALS**

The parties to this litigation hereby jointly move the Court to stay the proceedings in this civil action pending a decision from the United States Court of Appeals for the Federal Circuit in *Novartis AG, et al. v. Kappos*, No. 13-1160 (Fed. Cir.), *appeal from Novartis AG, et al. v. Kappos*, No. 10-cv-1138, 904 F.Supp.2d 58 (D.D.C. Nov. 15, 2012), as well as a decision in the consolidated cases of *Exelixis, Inc. v. Rea,* No. 2013-1175 (Fed. Cir.), *appeal from Exelixis, Inc. v. Kappos,* No. 1:12-cv-96, 906 F. Supp. 2d 474 (E.D. Va. Nov. 1, 2012) (Ellis, J.) ("*Exelixis I*"), and *Exelixis, Inc. v. Rea,* No. 2013-1198 (Fed. Cir.), *appeal from Exelixis, Inc. v. Kappos,* No. 1:12cv574, 919 F. Supp. 2d 689 (E.D. Va. Jan. 28, 2013) (Brinkema, J.) ("*Exelixis II*"). Oral argument before the Federal Circuit in the *Novartis* case and the consolidated *Exelixis* cases is scheduled for November 5, 2013.

*Novartis* presents three questions of law relevant to this action: (1) whether an applicant must seek review of the USPTO's patent term adjustment ("PTA") within 180 days of the

USPTO's determination of the PTA pursuant to 35 U.S.C. § 154(b)(4)(A), or whether an applicant could seek review after 180 days, but within the six-year statute of limitations imputed to the Administrative Procedure Act ("APA") through 28 U.S.C. § 2401(a); (2) if the 180-day statute of limitations applies, whether it should be equitably tolled by case law interpreting statutory provisions related to PTA; and (3) (also presented in *Exelixis I* and *II*) whether an application's patent term adjustment should be reduced by the time attributable to a Request for Continued Examination ("RCE") when the RCE is filed more than three years after the application was filed.

A decision by the Federal Circuit in *Novartis* may be dispositive of legal questions raised in Plaintiff's Complaint because, for each of the patents identified in Plaintiff's Complaint, the USPTO issued its PTA determination more than 180 days, but less than six years, before the filing of the complaint. As such, a decision in *Novartis* may determine whether the Court has jurisdiction to hear *any* of Plaintiff's claims in this suit.

Additionally, the appeals of *Novartis*, *Exelixis I*, and *Exelixis II*, concern whether an application's patent term adjustment should be reduced by the time attributable to a Request for Continued Examination ("RCE") when the RCE is filed more than three years after the application was filed. To the extent the Court has jurisdiction to hear Plaintiff's claims, a decision by the Federal Circuit on this issue will be dispositive of legal questions raised in Plaintiff's Complaint concerning whether the USPTO correctly calculated the patent term adjustment to which twenty-one of the thirty-four patents at issue in this case were entitled, specifically United States Patent Nos. 7,393,632 ("'632 patent"); 7,432,372 ("'372 patent"); 7,452,712 ("'712 patent"); 7,498,164 ("'164 patent"); 7,566,790 ("'790 patent"); 7,572,631 ("'631 patent"); 7,575,863 ("'863 patent"); 7,582,461 ("'461 patent"); 7,695,642 ("'642 patent");

7,727,752 ("'752 patent"); 7,790,893 ("'893 patent"); 7,897,738 ("'738 patent"); 7,910,335 ("'335 patent"); 7,981,667 ("'667 patent"); 7,985,340 ("'340 patent"); 8,030,066 ("'066 patent"); 8,083,068 ("'068 patent"); 8,114,636 ("'636 patent"); 8,153,401 ("'401 patent"); 8,158,801 ("'801 patent"); and 8,173,002 ("'002 patent").

As such, the parties agree that the stay will prevent the unnecessary expenditure of this Court's resources to determine the answer to legal questions that may be resolved by the appellate court with binding jurisdiction over the matter.

This joint motion is being filed in lieu of an Answer, which presently is due on October 22, 2013. Should this Court deny the motion, Defendant respectfully requests that it be permitted to file its Answer on the original Answer date, or within 7 days of this Court entering such a denial, whichever is later.

WHEREFORE, the parties respectfully request that this Court stay the present case pending a final decision from the Federal Circuit in the consolidated *Exelixis* cases, whereupon the parties shall submit a report to this Court within 21 days of the Federal Circuit's decision on appeal becoming final, providing a proposal for resolving any remaining issues raised in Plaintiff's complaint. A proposed order is attached for the Court's convenience.

///

///

///

       Respectfully submitted,

       NEIL H. MACBRIDE
       UNITED STATES ATTORNEY

By:   /s/
       KIMERE KIMBALL
       Special Assistant United States Attorney
       Justin W. Williams U. S. Attorney's Building
       2100 Jamieson Avenue
       Alexandria, Virginia 22314
       (703) 299-3770 (direct)
       (703) 299-3983 (fax)
       kimere.kimball@usdoj.gov
       *Attorney for the Defendant*


       /s/
       ANTIGONE GABRIELLA PEYTON
       Cloudigy Law PLLC
       8300 Greensboro Drive
       Suite 1250
       McLean, VA 22102
       703-436-2033
       Fax: 703-436-2268
       Email: antigone.peyton@cloudigylaw.com
       *Attorneys for Plaintiffs*

DATED:  October 16, 2013